IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

VALERIE L. ANDERSON                                          PLAINTIFF

                 v.                            Civil No. 10-3084

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                      DEFENDANT

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Valerie Anderson, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

## I.    **Procedural Background:**

The plaintiff protectively filed her application for SSI on August 18, 2005, alleging an onset date of April 1, 2001, due to systemic lupus erythematosus ("SLE"), lupus nephritis[1], arthritis, fibromyalgia, and depression.  Tr. 62-66, 80-81, 891-894.  Plaintiff's application was denied initially and on reconsideration.  Tr. 35-36, 40-41, 50-52, 895-902.  She then requested

---

[1]Lupus nephritis is an inflammation of the kidney caused by SLE.  National Kidney & Urologic Diseases Information Clearinghouse, *National Institute of Health Publication No. 07-4622: Lupus Nephritis*, July 2007, *available at* http://kidney.niddk.nih.gov (September 22, 2011).  Lupus nephritis may cause weight gain, high blood pressure, dark urine, or swelling around the eyes, legs, ankles, or fingers.  *Id*.

an administrative hearing, which was held on July 18, 2007. Tr. 37, 903-934. Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 25 years of age and possessed a high school education. Tr. 908. She had no past relevant work ("PRW") experience. Tr. 77, 81, 85. She did, however, have several unsuccessful work attempts ass a waitress, cashier/office aid, and photographer/cashier. Further, when she filed her applications, she was a stay at home mom caring for her two young (ages 2 and 4 years old) children and her grandmother. Tr. 98, 105-112, 113.

On March 20, 2008, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's SLE with class II lupus nephritis and skin discoid lupus did not meet or equal any Appendix 1 listing. Tr. 13-16. He found that plaintiff maintained the residual functional capacity ("RFC") to perform a range of light work requiring only frequent bilateral handling, fingering, and feeling and occasional reaching and operating hand controls; climbing ramps and stairs; balancing; stooping; and, exposure to moving machinery, humidity, and pulmonary irritants; and operation of a motor vehicle. Tr. 16-17. The ALJ also concluded that Plaintiff could not climb ladders or scaffolds, kneel, crouch, crawl, or work near unprotected heights or temperature extremes. With the assistance of a vocational expert, he then determined Plaintiff could still perform work as a cashier II, informal waitress, and telephone solicitor. Tr. 22.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on July 13, 2010. Tr. 3-7. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 8, 9.

## II. <u>Applicable Law</u>:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)©. A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

3

A.   **The Evaluation Process**:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

III.  **Discussion**:

Of particular concern to the undersigned is the ALJ's failure to develop the record further concerning Plaintiff's alleged noncompliance. The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). In determining whether an ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for him to make an informed decision. *See Payton v. Shalala*, 25 F.3d 684, 686 (8th Cir. 1994); *Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

In the present case, the record makes clear that Plaintiff was suffering from SLE. SLE causes a person's immune system to attack and injure the body's own organs and tissues. *See*

*Johnson v. Astrue*, 628 F.3d 991, 993 (8th Cir. 2011). Its cause is unknown, and diagnosis can be difficult. *Id*. Symptoms vary greatly and may include: joint pain including arthritis, skin rashes, coughing and shortness of breath, fever, fatigue, weight loss, nausea and vomiting, headaches and confused thinking, kidney malfunction, and pericarditis (inflammation of the tissue surrounding the heart). *Id*. "Almost every system of the body can be affected." The severity of lupus fluctuates over time, with "periods with mild or no symptoms, followed by a flare [during which] symptoms increase in severity and new organ systems may become affected." 4 *The Gale Encyclopedia of Medicine* 3616–17 (3d ed. 2006); *see Gude v. Sullivan*, 956 F.2d 791, 792 (8th Cir. 1992).

      The record contains approximately 750 pages of medical records describing Plaintiff's multiple emergency room visits, hospitalizations, and in office treatment for symptoms related to her SLE. Records indicate that her SLE was affecting her kidneys, as she had been diagnosed with lupus nephritis and was undergoing treatment. She also suffered from discoid lupus on her face, hands, legs, and arms, as well as headaches and depression associated with her SLE. Although her doctor did voice his belief that she was non-complaint with her medications, and that this contributed to her symptoms, this is not necessarily supported by the record. Plaintiff was prescribed Prednisone, Plaquenil, CellCept, and narcotic pain medication to take on a daily basis. Transcripts from her pharmacy do show that she was able to purchase these medications some of the time. However, both Plaintiff and her husband testified that Plaintiff's grandmother would often purchase Plaintiff's medication for her on the grandmother's account. The ALJ claims that Plaintiff's doctor checked her grandmother's pharmacy records and did not see any such refills, but the record is void of any such records concerning Plaintiff's grandmother.

Further, we can find no notation from any of Plaintiff's treating doctors indicating that the grandmother's records were ever reviewed or that the grandmother was consulted regarding this issue.

Further, we note that Plaintiff obtained her medical treatment through an indigent clinic. She also testified that she sought out emergency room treatment because she knew she would be able to obtain her medication and samples of her medication through the ER. It seems that when Plaintiff was out of medication and unable to purchase a refill, she presented for treatment in the ER. Again, this evidence seems to contradict the allegations of non-compliance. It also lends credence to Plaintiff's contention that she could not always afford to purchase her medications herself. And, we note that a lack of sufficient financial resources to follow prescribed treatment to remedy a disabling impairment may be an independent basis for finding justifiable cause for noncompliance. *See Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir. 1984). Accordingly, we believe remand is necessary to allow the ALJ to develop the record further regarding Plaintiff's non-compliance and alleged financial inability to purchase her medications in her own name through her pharmacy of choice.

On remand, the ALJ should also reconsider the requirements of Listing 14.02 and the medical evidence documenting Plaintiff's SLE and its impact on her ability to function. Lupus with a defined level of severity and of impact on daily living is a listed impairment. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A, § 14.02. Listing 14.02 for SLE requires a minimum of moderate involvement of two or more organs/body systems and at least two of the constitutional symptoms (severe fatigue, malaise, fever, or involuntary weight loss), or repeated manifestations of SLE with at least two of the constitutional symptoms and a marked level of limitation in one of the

following: activities of daily living, social functioning, or completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace. *Id*. As noted above, Plaintiff suffered from discoid lupus, lupus nephritis, and depression and anxiety related to her lupus. Given the evidence contradicting Plaintiff's non-compliance and the evidence establishing her financial situation, we believe further evaluation of the listing and reconsideration of the evidence is warranted. *See Johnson v. Astrue*, 628 F.3d 991, 993 (8th Cir. 2011)

We also note that the record does not contain an RFC assessment from any of Plaintiff's treating doctors. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003) (holding that a treating physician's opinion is generally entitled to substantial weight). Given the nature and severity of Plaintiff's impairment, we believe a treating physician's statement is necessary to accurately determine Plaintiff's RFC. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). Accordingly, on remand, the ALJ is also directed to request an RFC assessment from Plaintiff's treating doctor(s).

## IV.  Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of October 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)